Filed 10/8/20  P. v. Johnson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B304100 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA102812) |
| v. | |
| ADRIEAN ISIAH JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Jesse I. Rodriguez, Judge.  Affirmed.

Christopher Jude Bou Saeed, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Adriean Isiah Johnson was convicted by jury of two counts of robbery. In a bifurcated proceeding, defendant admitted having suffered a prior qualifying strike under the "Three Strikes" law and violating the terms of probation in a separate case (No. SA079466). The court sentenced defendant to 18 years four months in prison.

In an unpublished decision, we affirmed defendant's conviction. (*People v. Johnson* (June 28, 2019; B290319) [nonpub. opn.].) During the pendency of that first appeal, the Governor signed Senate Bill No. 1393 (2017-2018 Reg. Sess.) which amended provisions of Penal Code section 667 and section 1385, giving trial courts discretion to strike a prior serious felony conviction in connection with imposition of the five-year enhancement set forth in section 667, subdivision (a)(1). (Stats. 2018, ch. 1013, § 1, § 2.) We concluded defendant was entitled to the benefit of the new amendatory provisions. (See, e.g., *In re Estrada* (1965) 63 Cal.2d 740, 744-745.) We therefore remanded the matter for a new sentencing hearing to allow the trial court the opportunity to exercise its newly granted sentencing discretion under section 667, subdivision (a)(1).

On December 11, 2019, after issuance of the remittitur, the trial court held the new sentencing hearing. Defendant was in attendance and represented by counsel.

After allowing argument by counsel, the court stated it had reviewed the record and the appellate opinion and concluded again there were no compelling facts supporting any mitigating circumstances. The court acknowledged that it considered the factors set forth in California Rules of Court, rule 4.428. The court emphasized that defendant had committed the robberies while on probation and found the interests of justice would not be served by striking the five-year enhancement. The court

2

therefore re-imposed a consecutive five-year term pursuant to Penal Code section 667, subdivision (a)(1). After stating the bases for its decision, the court asked counsel if there was anything else they wished to argue. Both counsel said no. There were no changes to defendant's original sentence.

Defendant appealed. He argues the trial court abused its discretion by making only a cursory assessment of the relevant factors and the transcript of the hearing is "bereft of factual findings."

We agree with respondent that any contention the trial court failed to articulate its reasons for declining to strike the enhancement have been forfeited. "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) Defense counsel was given the opportunity to seek clarification or argue additional points and he stated there were none.

In any event, the court adequately stated its reasons for declining to exercise its discretion. (See, e.g., *People v. King* (2010) 183 Cal.App.4th 1281, 1322 ["Trial courts need not state reasons for rejecting or minimizing a mitigating factor, particularly where no objection is raised."].)

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.          WILEY, J.

3